JAMES McNAIR THOMPSON
SBN 67807
NANCY A. THOMPSON
SBN 67809
PO BOX 636
LOS GATOS CA 95031
(408) 358-6047
Attorneys for Tracy Ann Valenzuela

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRACY ANN VALENZUELA<br><br>　　　　Defendant | Case No.: CR 11 – 00471 DLJ<br><br>PRETRIAL CONFERENCE STATEMENT<br><br>Date: October 31, 2013<br>Time: 9:00 a.m.<br>Dept: Courtroom 7, 4th Floor |

## I. INTRODUCTION

A Status Conference is scheduled for 9:00 a.m. on Thursday, October 31, 2013, at which all defendants are expected to be present.

At that time, defendant Valenzuela is informed and believes that between 11 and 13 defendants will proffer executed plea agreements to the Court, or all 14 defendants will set the matter for a series of trials.

## II. STATUS OF SETTLEMENT DISCUSSIONS

After a number of Settlement Conferences and individual discussions between various defendants and the government, it appears that 11 defendants are prepared to resolve the charges against them on October 31, 2013.

However, the government had anticipated a global settlement, and included in the proposed plea agreements the following language: "I understand that the Agreement is contingent upon all co-defendants in the above-captioned case, other than co-defendant Dennis Collins,[1] also pleading guilty to similar dispositions."[2]

Defense counsel have been engaged in informal discussions among themselves, and at this moment it appears that 11 defendants are prepared to accept the agreements tendered to them, and 2 defendants appear prepared to reject the agreements.

## III. WHAT WILL TAKE PLACE ON OCTOBER 31, 2013?

At this point, defendant Valenzuela has no way of knowing whether or not the two defendants who have expressed an intention to reject to the offers laid before them will change their minds, and all 13 participating defendants will enter pleas.

Conversely, defendant Valenzuela has no way of knowing whether or not the government will accept 11 pleas, and proceed separately against the remaining defendants.

Defendant Valenzuela recalls that the Court indicated that if the matter was set for trial, the defendants would have to be divided into 3 groups (5,5 and 4), or 4

---

[1] Mr. Collins was removed from the plea negotiations after he was indicted on similar charges in another District.

[2] This language is in the plea agreement reviewed by Ms. Valenzuela, and she is informed and believes that it is in the agreements tendered to the other defendants.

groups, each group having a separate trial.  Should the government agree to accept 11 pleas on October 31, 2013, it would eliminate 2 or 3 trials.

Should the government refuse to accept less than 13 pleas, and should one or both of the 2 defendants expressing a present intention to reject the pleas maintain that position, then 3 or 4 trial dates will have to be set.

## IV.  SETTING A TRIAL DATE

In the event that it is necessary to set trial dates for all 14 defendants, defendant Valenzuela estimates that given the technical complexity of the case, the nature of the charges, and substantial issues relating to the amount of loss, each trial would last approximately one month.

Defendant Valenzuela has a trial scheduled in late February, 2014 before Judge Fogel, and a multi – defendant murder/racketeering case set for September, 2014 before Judge Bryer.

Therefore, defendant Valenzuela requests a trial date in June or July of 2014 in the event that the government refuses to accept her plea pursuant to the plea agreement.[3]

Dated:  October 29, 2014

Respectfully submitted,



James McNair Thompson

Attorney for defendant Valenzuela

---

[3] Due an agreement between all parties to defer motions until settlement discussions were exhausted, there are also a number of motions that defendant Valenzuela, and presumably other defendants, will need to file and argue, making a trial before that date impractical.